**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210044-U

Order filed October 19, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-21-0044 Circuit Nos. 16-CF-457 and 16-CF-488 |
| JUAN D. NUNEZ, | ) ) ) | Honorable Daniel L. Kennedy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice O'Brien and Justice Peterson concurred with the judgment.

_____

**ORDER**

¶ 1    *Held*:    The circuit court did not err in dismissing defendant's first-stage postconviction petition.

¶ 2    Defendant, Juan D. Nunez, appeals from the first-stage dismissal of his postconviction petition, arguing that he established the gist of an ineffective assistance of counsel claim because counsel allowed him to plead guilty to a Class X felony offense of child pornography when the evidence was sufficient to support a Class 1 felony offense. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged by indictment with failure to register as a sex offender (730 ILCS 150/3(a) (West 2016)) in case No. 16-CF-457. Defendant was also charged by indictment with three counts of child pornography (720 ILCS 5/11-20.1 (West 2016)) in case No. 16-CF-488. Count I in case No. 16-CF-488, a Class X felony, alleged that

> "defendant *** knowingly solicited a female child he knew or reasonably
> should have known to be under the age of 18, to appear in a digital video
> depiction, said depiction identified by file name on a computer hard drive
> as '2015-08-27_19-49-20.mp4', which depicts a partially nude female
> child dancing and exposing her breasts and vagina."

Defendant retained private counsel.

¶ 5        Defendant pled guilty to failure to register as a sex offender in exchange for two years' imprisonment in case No. 16-CF-457. Defendant pled guilty to count I in exchange for eight years' imprisonment and the State's dismissal of the remaining charges in case No. 16-CF-488. The State provided the following factual basis:

> "Your Honor, in 16 CF 488, if called to testify, witnesses would testify on
> August 27, 2015, the defendant knowingly solicited a 13-year-old female
> from out of state in order to create a digital video depiction of her nude or
> partially nude, that he did have such a video depiction as listed in the Bill
> of Indictment created, that an investigation by the Internet Crimes Against
> Children Task Force did locate this and learn that information and was
> later confirmed through what they learned through the defendant's
> computer and speaking to them."

The court sentenced defendant to two years' imprisonment in case No. 16-CF-457 and eight years' imprisonment in case No. 16-CF-488 to be served consecutively. Defendant did not file a direct appeal.

¶ 6        Defendant filed as a self-represented litigant a postconviction petition wherein he alleged that counsel was ineffective for allowing him to plead guilty in case No. 16-CF-488 because the evidence failed to support the charge. Defendant argued that there was no evidence of him possessing any moving images, rather all the evidence collected was of still photographs.

¶ 7        The court dismissed defendant's petition at the first stage of proceedings. Defendant filed a motion to reconsider, which the court denied. Defendant appeals.

¶ 8                                    II. ANALYSIS

¶ 9        Defendant argues he established the gist of an ineffective assistance of counsel claim because counsel allowed him to plead guilty to a Class X felony offense of child pornography when the evidence of record was only sufficient to support a Class 1 offense.

¶ 10        The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) sets out a three-stage proceeding in which a criminal defendant may assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, the court must accept as true and liberally construe all the allegations in the petition unless contradicted by the record. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). A defendant need only allege sufficient facts to state the "gist" of a constitutional claim for his petition to be moved to the second stage. *Hodges*, 234 Ill. 2d at 9. The circuit court may summarily dismiss a first-stage petition as frivolous or patently without merit where it has no arguable basis in law or fact. *Id.* at 16. "A petition which lacks an arguable basis either in law or in fact is one which is based on an

indisputably meritless legal theory or a fanciful factual allegation." *Id.* "An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Id.* The dismissal of a postconviction petition is reviewed *de novo*. *Id.* at 9.

¶ 11      "To prevail on an ineffective-assistance claim, a defendant must show that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant such that he was deprived of a fair trial." *People v. Patterson*, 217 Ill. 2d 407, 438 (2005). However, the standard at the first stage of the Act is more lenient. *People v. Tate*, 2012 IL 112214, ¶ 19. At this stage, defendant prevails if it is arguable that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) defendant was prejudiced. *Hodges*, 234 Ill. 2d at 17. Failure to satisfy either prong is fatal to the claim. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

¶ 12      Here, it is not arguable that counsel's performance fell below an objective standard of reasonableness. The difference between a Class 1 and Class X felony offense of child pornography is whether the violation involved a film, videotape, or moving depiction. See 720 ILCS 5/11-20.1(c) (West 2016). A violation involving a film, videotape, or moving depiction is Class X felony. *Id.* One not involving a film, videotape, or moving depiction is a Class 1 felony. Defendant argues that there was insufficient evidence to support a Class X felony because only still images were confiscated by law enforcement. However, this claim is clearly contradicted by the factual basis for defendant's guilty plea—to which he raised no objection—which states that defendant had a video depiction, identified as "2015-08-27_19-49-20.mp4," of a partially nude female child dancing and exposing her breasts and vagina. Accordingly, defendant's ineffective assistance of counsel claim fails, and the petition was properly dismissed. See *Hodges*, 234 Ill. 2d at 16-17.

¶ 13                                    III. CONCLUSION

¶ 14          The judgment of the circuit court of Will County is affirmed.

¶ 15          Affirmed.